IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GIOVANNI JANICK ORTIZ-CARRASQUILLO,
Petitioner,

v.                                                              Civil No. 3:24cv425 (DJN)

CHADWICK DOTSON,
Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 6), challenging his convictions in the Circuit Court for the City of Norfolk ("Circuit Court") of two counts of forgery and one count of robbery. Respondent has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. As explained below, the Amended Motion to Dismiss (ECF No. 19) will be GRANTED, and the § 2254 Petition (ECF No. 6) will be DENIED.[1]

### I. PROCEDURAL HISTORY

On July 5, 2017, Petitioner pled guilty to robbery and the Circuit Court sentenced Petitioner to twenty years of imprisonment, with twelve years suspended. (ECF No. 17-2, at 87–89.)

On June 30, 2017, the Circuit Court sentenced Petitioner to two years on each count of forgery, with one year suspended on the first count. (ECF No. 17-1, at 214.) Petitioner appealed

---

[1] The Court corrects the capitalization, spelling, and punctuation and omits emphasis in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

his sentence. (*Id.*) On July 30, 2018, the Supreme Court of Virginia refused Petitioner's petition for appeal. (*Id.* at 216.)

On or about June 7, 2024, Petitioner filed his original habeas petition with the United States District Court for the Western District of Virginia. (ECF No. 1, at 1.) In his § 2254 Petition, Petitioner raises the following claim:

> Claim One:   "The omission of the Christian name is fatal to the judgment. Subject matter and personal jurisdiction. My name is not on my sentencing order or trial court papers or warrants which breach my contract." (ECF No. 6, at 5.)

## II. ANALYSIS

### A.   Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1.  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.  Commencement and Running of the Statute of Limitations

With respect to his robbery conviction, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment became final on Friday, August 4, 2017, when the time to file a notice of appeal expired. *See* Va. Sup. Ct. R. 5A:6 (requiring notice of appeal to be filed within thirty (30) days of entry of final judgment). The statute of limitations expired one year later, on Monday, August 6, 2018.

With respect to his forgery convictions, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment became final on Monday, October 29, 2018, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); S. Ct. R. 13.1. The statute of limitations expired on Thursday, October 29, 2019.

Because Petitioner failed to file his § 2254 Petition by the above dates, it is barred by the statute of limitations unless it is rendered timely by a belated commencement of the limitation period or an equitable exception to the limitation period. Petitioner fails to advance any viable basis for rendering his § 2254 Petition timely.[2]

---

[2] Petitioner suggests that his § 2254 Petition is timely, because he did not know he could file for post-conviction relief until recently. (ECF No. 6, at 13–14.) This circumstance does not

3

## III. CONCLUSION

For the foregoing reasons, Respondent's Amended Motion to Dismiss (ECF No. 19) will be GRANTED. Petitioner's § 2254 Petition (ECF No. 6) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

                                                /s/
                                     David J. Novak
                                     United States District Judge

Richmond, Virginia
Date: April 24, 2025

---

make his § 2254 Petition timely. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (observing that "ignorance of the law is not a basis for equitable tolling").